VERMONT SUPREME COURT

109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      22-AP-112

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

OCTOBER TERM,   2022

Barbara Miller\* v. Demars Properties

}  APPEALED FROM:
}  Superior Court, Lamoille Unit,
}  Civil Division
}  CASE NO. 21-CV-00646
   Trial Judge: David A. Barra

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals from a summary judgment decision in favor of defendant landlord. We affirm the civil division's grant of summary judgment and remand for the court to enter judgment for defendant.

In March 2021, plaintiff, representing herself, filed suit against defendant. Defendant moved for summary judgment and provided a statement of undisputed facts. Those undisputed facts are as follows. Plaintiff is an African American woman who has lived in apartments owned by defendant since 2008. She moved into a three-bedroom apartment owned by defendant in 2010 where she lived with her granddaughter and grandson. Plaintiff received a housing subsidy voucher from the Vermont State Housing Authority (VSHA). The amount of the voucher decreased when her grandchildren were no longer living there, and plaintiff could not afford her rent. Plaintiff had several discussions with defendant regarding moving into a smaller apartment. In 2019, plaintiff moved to a two-bedroom apartment owned by defendant. Defendant rented the three-bedroom apartment to a different tenant. In April 2019, the parties executed an agreement, rescinding the lease for the three-bedroom apartment and agreeing that all claims or demands under that lease were fully released. Defendants own around 100 apartments and rent apartments to other African American tenants. Defendants have evicted white tenants who were unable to make their rental payments. Plaintiff then filed this suit against defendant asserting wrongful eviction and racial discrimination related to her tenancy at the three-bedroom apartment.

Based on the undisputed facts, the civil division concluded that the wrongful eviction and racial discrimination claims were precluded by the release. The civil division further concluded that the facts alleged did not support a prima facie case for racial discrimination because plaintiff failed to demonstrate that she was treated differently than similarly situated white tenants or that the three-bedroom apartment remained available. The civil division therefore granted defendant summary judgment on March 22, 2022, and indicated in the order that the matter was "dismissed." Plaintiff filed a notice of appeal on April 21, 2022. On May 4, 2022, this Court issued an order indicating that the civil division had failed to enter judgment on a separate

document as required by Vermont Rule of Civil Procedure 58(a), and remanded to the civil division for the particular purpose of entering a final judgment. On May 6, 2022, the civil division issued an order entitled "Dismissal," which indicated that the matter was dismissed. The court did not enter judgment for defendant.

On appeal, plaintiff identifies no error of fact or law allegedly made in the civil division's summary judgment decision. She refers to facts surrounding her tenancy and her move to the three-bedroom apartment but does not explain how these facts are relevant to any alleged error in the court's summary judgment decision, which relied on undisputed facts. See V.R.A.P. 28(a)(4) (explaining that appellant's brief should explain what issues are and what appellant's contentions are on appeal). Plaintiff has presented no basis to reverse the civil division's order granting summary judgment to defendant. We remand for the civil division to strike the dismissal and enter judgment in defendant's favor.

Affirmed; remanded to strike the dismissal and for entry of judgment for defendant.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice